**No. 61155.**—Theo. L. Stern & Co., Inc. *v.* United States, protest 285185–K (New York).

OLIVER, Chief Judge: This protest relates to certain items of merchandise, identified herein as plastic angels, plastic dwarfs, and plastic elfs. They were classified, by similitude, as articles of cellulose acetate, under paragraph 31 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802, and paragraph 1559 of the Tariff Act of 1930, with a duty assessment at the rate of 20 per centum ad valorem. Plaintiff claims that the merchandise is properly dutiable at only 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52827, as nonenumerated manufactured articles.

At the trial, counsel for the respective parties stipulated that the items in question are "made in chief value of polystyrene" and that they are "used as ornaments or markers on cakes." In addition to the agreed set of facts, there was incorporated herein, on motion by counsel for plaintiff and without objection from counsel for defendant, the record in *B. Shackman & Company* and *S. Stern Henry & Company v. United States*, 38 Cust. Ct. 30, C. D. 1839.

Plaintiff, relying entirely on the *B. Shackman & Company et al.* case, *supra*, argues, in counsel's brief, that "This court discussed all phases of similitude in the *Shackman* case which is authority for holding that the articles in question are dutiable under paragraph 1558 at 10 per cent ad valorem." However important the cited case may be, it will not support, as developed, *infra*, plaintiff's position herein.

The cited case involved certain paper weights, composed in chief value of polystyrene, that were classified, by similitude, as articles of glass, and which plaintiffs claimed, *inter alia*, were properly classifiable, by similitude, as articles of cellulose acetate. The court found that there was no similarity in material, quality, texture, or use between the *materials*, polystyrene and cellulose acetate, but held that "such similarity between the materials" was not sufficient to establish classification of merchandise, by similitude, as articles of cellulose acetate. Emphasizing the distinction between "materials" and "articles," the court, in the *B. Shackman & Company et al.* case, *supra*, stated:

\* \* \* Plaintiffs herein apparently predicate their claim that the imported merchandise is dutiable, by similitude, under the provisions of paragraph 31 (a) (2) of the Tariff Act of 1930, as modified, *supra*, for "Cellulose acetate, and compounds, combinations, \* \* \* Made into finished or partly finished articles of which any of the foregoing is the component material of chief value, \* \* \*" on the basis that the similitude provisions of the act require a comparison of "materials" rather than "articles." In our opinion, however, this contention is untenable, since, if classification of the merchandise here involved depended upon the material of which it was composed and not upon its primary existence as an "article," there would be no reason at all for invoking the similitude provisions in this case. The record establishes that the imported merchandise is composed in chief value of polystyrene, which is a coal-tar product made from styrene monomer, derived from benzene, which is obtained from coal tar (R. 19). As such, the material in question would, under the plaintiffs' theory, properly find classification directly under the provisions of paragraph 28 (a) of the Tariff Act of 1930 as a coal-tar product. *United States* v. *Esso Standard Oil Co.*, 41 C. C. P. A. (Customs) 171, C. A. D. 546.

\*     \*     \*     \*     \*     \*     \*

# 405

* * * Here, while the plaintiffs have introduced evidence in support of their claim as to similitude concerning the material, polystyrene, and the material, cellulose acetate, this testimony would only support a conclusion of similitude to a material, and, as heretofore observed, there has been no evidence offered to indicate a similitude to specific articles, the component material in chief value of which is cellulose acetate, and this deficiency, as previously stated, is, in our judgment, fatal to the plaintiffs' claim for classification of the imported articles under paragraph 31 (a) (2) of the Tariff Act of 1930, as modified, *supra*.

In the case before us, the presumption of correctness attaching to the collector's classification of the merchandise, by similitude, as articles of cellulose acetate includes a finding by the classifying officer that there are in existence articles of cellulose acetate that are similar in material, quality, texture, or use to the imported polystyrene articles under consideration. In disputing such a classification, plaintiff assumed the burden of showing the nonexistence of articles of cellulose acetate, by similitude, within the statutory provisions of paragraph 1559, *supra*, reading as follows:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

Plaintiff has not sustained its burden. On the basis of the evidence before us and consistent with the reasoning followed in our decision in the *B. Shackman & Company et al.* case, *supra*, we hold the merchandise in question to be properly classifiable, by similitude, as articles of cellulose acetate, under paragraph 31 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802, and paragraph 1559 of the Tariff Act of 1930, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.