(C.D. 2120)

Ross Products, Inc. v. United States

United States Customs Court, First Division

(Decided September 30, 1959)

*Siegel, Mandell & Davidson* (*Sidney Mandell, Joshua M. Davidson*, and *David Serko* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before Oliver, Mollison, and Wilson, Judges

Mollison, Judge: The plaintiff in this case imported into the United States an article described on the invoice as "Plastic Foam

Dish Mop." A sample is before us as plaintiff's exhibit 1, and consists of two parts, a handle and a head, joined together. The handle is about 10 inches long, made of molded polystyrene, having a half-inch hole at one end and a three-quarter-inch hole at the other end.

Into the three-quarter-inch hole have been inserted six strips of polyureathane foam material. The strips fit very tightly in the hole, and the ends of the strips have been cut in such fashion that by reason of the resilience of the material the result is what has been termed the "head." The head consists of 36 projecting ends, called "noodles," each 2 inches long and about a half-inch in cross-section. The head is roughly spherical in form and about 4½ inches in diameter. The hole at the other end of the handle is evidently used to hang the article on a hook.

The parties are in agreement that there is no dutiable or free enumeration in the tariff act which embraces the merchandise directly. It was classified, by virtue of the similitude clause in paragraph 1559 (a) of the Tariff Act of 1930, as amended, *infra*, under the provision for cellulose sponges in paragraph 31(b) (2) of the Tariff Act of 1930, as modified by the President's proclamation relating to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, and assessed with duty at the rate of 42½ per centum ad valorem.

It is claimed to be properly classifiable by similitude under the provision for manufactures of which india rubber is the component material of chief value, not specially provided for, other than certain named manufactures not here involved, in paragraph 1537(b) of the Tariff Act of 1930, as modified by the President's proclamation relating to the protocol of terms of accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, as supplemented by the President's notification relating thereto, T.D. 53877, at the rate of 12½ per centum ad valorem.

Alternative claims are made for duty at the rate of 20 per centum ad valorem by similitude to the manufactures in chief value of cotton, not specially provided for, covered by paragraph 923 of the Tariff Act of 1930, as modified by the above proclamation and notification, and for duty at the rate of 10 per centum ad valorem under the nonenumerated manufactured articles provision in paragraph 1558 of the said act, as modified by the President's proclamation relating to the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, as supplemented by the President's notification relating thereto, T.D. 52827.

A cellulose sponge was received in evidence as plaintiff's illustrative exhibit 3. It is 6 inches long, 4 inches wide, and 2 inches thick, and is an article which, particularly in recent years, has become a familiar

one in American homes. The evidence shows that both cellulose sponges and plastic dish mops, such as plaintiff's exhibit 1, are used in washing dishes. By reason of the handle and the soft, pliable, resilient ends of the head, the plastic dish mop is more particularly adapted to the washing of hollow glassware such as stemware, bottles, and jars, than is the cellulose sponge, and it appears that its sole use is in washing such articles and dishes. On the other hand, the cellulose sponge, by reason of its flat shape, is more particularly adapted to washing flat dishes, rather than hollow glassware, and, moreover, it has many other uses in the household aside from washing dishes.

The plaintiff's claims by similitude are based upon the contention that the imported dish mops are similar in the use to which they may be applied to dish mops made with heads of sponge or latex foam rubber, or of cotton yarns, which, it contends, are enumerated under the manufactures of rubber and manufactures of cotton provisions of the tariff act under which it claims.

In view of the decision we have reached in this case, it is unnecessary for us to determine whether, as plaintiff claims, there is no similarity in the use to which they may be applied between the imported dish mops and cellulose sponges sufficient to support a classification of the former by similitude to the latter. We may say, however, that even if we were to find some degree of similarity in use, we would, nevertheless, be satisfied that there is a much greater degree of similarity in overall use between the dish mops with polyureathane foam heads at bar and dish mops with sponge or latex foam rubber heads, as well as dish mops with cotton yarn heads. It appears to us that the three types of dish mops are more comparable to one another in the method of their use and in the results produced than are dish mops and sponges.

In fact, according to the record, the use of the dish mops at bar and those with sponge or latex foam rubber heads appears to have been identical, the reason being the softness, pliability, and resiliency of the materials, sponge or latex foam rubber and polyureathane foam, used in making the heads.

The record indicates that dish mops made with polyureathane foam heads have superseded dish mops made with sponge or latex foam rubber heads because of the superior wearing qualities and the greater attractiveness of the plastic material. This appears to be so to the extent that dish mops made with sponge or latex foam rubber heads no longer appear on the market.

The similitude clause of the tariff act, as in force and effect at the time of importation of the involved merchandise, read as follows:

PAR. 1559(a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty

as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

As we view it, decision as to the issue before us involves two determinations, one of law and one of fact. The question of law is whether there can be a similarity of use, within the meaning of the similitude clause in paragraph 1559 (a), *supra*, between an imported article and an article which, although formerly made and dealt as a commercial article, has disappeared from the market and is apparently no longer made. The question is, is such an article one which is "enumerated in this Act as chargeable with duty," as described in paragraph 1559 (a), *supra?* Counsel for neither party has addressed himself to this question in the briefs filed.

The question of fact, and the one which makes it unnecessary for us to determine the question of law is, assuming that such an article is one which is enumerated in the act, as plaintiff contends it is, has plaintiff established the facts necessary to support classification under that enumeration? On the record presented, this question must be answered in the negative.

We note that plaintiff claims, by similitude, under the provisions of paragraph 1537(b) and 923 of the act, as modified. Each of these provisions is one which makes the component material of chief value of the manufactures covered thereby the determinant of classification thereunder. Dish mops are made of two parts, a handle and a head. The record establishes that the component material of chief value of the imported mops was the polyureathane foam in the head, but it does not establish the component material of chief value of either the dish mops with sponge or latex foam rubber heads or those with cotton yarn heads which the plaintiff contends bears a similitude of use under the similitude clause to the imported dish mops. This failure of proof bars any finding of similitude to the articles covered by the tariff enumerations relied upon by the plaintiff.

Inasmuch as it has not been established that the similitude clause is not applicable to the merchandise at bar, a burden which rested upon the plaintiff, the claim under the nonenumerated manufactured articles provision in paragraph 1558 cannot be availed of.

On the record presented, we have no other course than to hold that plaintiff has failed to meet in full the burden of establishing the correctness of the applicability of the provisions of law under which it claims, and to overrule the protest.

Judgment will issue accordingly.