BEFORE THE FIRST DIVISION, SEPTEMBER 30, 1960

**No. 64603.**—Ross Products, Inc. v. United States, protest 58/13829 (Boston).

MOLLISON, Judge: This protest relates to an importation of articles described on the invoice as "Plastic Foam Dish Mop," and was the subject of our decision reported as *Ross Products, Inc.* v. *United States*, 43 Cust. Ct. 162, C.D. 2120. Reference may be made to that report for the description of the merchandise, the contentions of the parties, the evidence presented, and our discussion of the same.

Within due time after our decision, as above reported, counsel for the plaintiff moved to vacate and set aside the decision and judgment and for a rehearing of the matter, and said motion was granted.

The record now before us consists of the record heretofore made and a stipulation of counsel, entered into in open court on the rehearing of the matter, as follows:

That the Plaintiff's Illustrative Exhibit 4 in this case consists of an article which is composed of two parts; a cotton head, and a wooden handle;

That the component material of chief value of said Plaintiff's Illustrative Exhibit 4 is cotton;

That the imported dish mop, Plaintiff's Exhibit 1, is an article which is made in chief value of polyureathane, a material that is not enumerated in the Tariff Act, and which was assessed for duty by virtue of Paragraph 1559, the similitude clause, under Paragraph 31, which said Plaintiff's Exhibit 1 is similar in the use to which it may be applied to Plaintiff's Illustrative Exhibit 4; that the similarity of the use between Exhibit 1 and Plaintiff's Exhibit 4 is substantial; that Exhibit 1 does not resemble any other article to the same extent that it resembles Plaintiff's Illustrative Exhibit 4 with respect to use. (Tr. pp. 41–42.)

On the rehearing, plaintiff abandoned all claims except its claim for duty at the rate of 20 per centum ad valorem, by similitude to the manufactures in chief value of cotton, not specially provided for, covered by paragraph 923, Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877.

As the situation stands now, therefore, it is that the merchandise was classified and assessed with duty by similitude to the cellulose sponges provided for in paragraph 31 of the Tariff Act of 1930, as modified by T.D. 54108, and is claimed to be properly dutiable, by similitude to manufactures in chief value of cotton provided for in paragraph 923 of the said act, as modified, as hereinbefore stated. There is, therefore, no question before us at the present time as to whether the merchandise is more properly classifiable, by similitude to manufactures of rubber provided for in paragraph 1537(b), of said act, as there was at the time we rendered the decision reported as C.D. 2120.

The facts stipulated by counsel for the parties on the rehearing are sufficient to establish that the plastic foam dish mops at bar are properly classifiable by similitude, by virtue of paragraph 1559(a), Tariff Act of 1930, as amended (68 Stat. 1137), and that the enumerated articles, chargeable with duty, to which they are most similar in the use to which they may be applied are the manufactures of cotton, not specially provided for, covered by paragraph 923 of the said act, as modified by T.D. 53865 and T.D. 53877, with duty assessment at the rate of 20 per centum ad valorem.

That claim in the protest is, therefore, sustained, and judgment will issue accordingly.