**DYNAMIC IMPORTS, INC.**

v.

**UNITED STATES.**

Protest 64/14452–16667–62; C.D. 3674.

United States Customs Court,
First Division.
Jan. 22, 1969.

Barnes, Richardson & Colburn, New York City (James S. O'Kelly, New York City, of counsel), for plaintiff.

Carl Eardley, Acting Asst. Atty. Gen. (Arthur E. Schwimmer and Mollie Strum, New York City, trial attorneys), for defendant.

Before WATSON, MALETZ, and NEWMAN, Judges.

NEWMAN, Judge:

We are asked to determine, in this case, the proper tariff classification of an importation of ladies' vinyl jackets. The collector of customs invoked the similitude provisions of paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, to classify the imported goods as leather wearing apparel within the purview of paragraph 1531 of the Tariff Act of 1930, as modified by T.D. 54108. Accordingly, duty was assessed at the rate of 15 per centum ad valorem.

■ Plaintiff has interposed two claims in the alternative: [1]

a) that the vinyl jackets are classifiable by virtue of the similitude provisions of paragraph 1559(a), as amended, to manufactures of india rubber, within the purview of paragraph 1537(b) of the Act, as modified

---

[1.] Plaintiff's original claim (in its protest) that the involved merchandise is dutiable at the rate of 8½ per centum ad valorem

under paragraph 1558, as modified, was formally abandoned (Brief, page 2), and is hereby dismissed.

by T.D. 53865 and T.D. 53877, for which duty at the rate of 12½ per centum ad valorem is prescribed; or,

b) that the merchandise is classifiable is a nonenumerated manufactured article within paragraph 1558 of the Act, as modified by T.D. 52739 and T.D. 52827, and dutiable at the rate of 10 per centum ad valorem.

Inasmuch as plaintiff presented no evidence at the trial, nor any argument in its brief to support its claim for a rate of 10 per centum ad valorem under paragraph 1558 of the Act, as modified, that claim is dismissed for failure to prosecute. J. E. Bernard & Co. Inc. v. United States, 55 Cust.Ct. 17, C.D. 2549 (1965), aff'd 53 CCPA 116, C.A.D. 886 (1966). Hence, the sole issue for determination is whether the merchandise is properly dutiable by similitude under the modified paragraph 1531, as classified, or under the modified paragraph 1537(b), as claimed.

The pertinent portions of the statutory provisions, as amended, or as modified, provide as follows:

Par. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles, on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Par. 1531, supra:

Manufactures of leather (except reptile leather), rawhide, or parchment, or of which leather (except reptile leather), rawhide, or parchment is the component material of chief value, not specially provided for * * *:

* * *; and wearing apparel
. . . . . . . . .15% ad val.
Par. 1537(b), supra:

Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for * * *:

* * * * * *

Other . . . . . 12½% ad val.

■ Paragraph 1559(a), as amended, prescribes two methods for finding classification by similitude: the primary test is similarity in use of the imported article and an enumerated article; the second test, which can be resorted to only if the imported article equally resembles in use two or more enumerated articles, is similarity of materials. Ignaz Strauss & Co., Inc., et al. v. United States, 45 Cust.Ct. 161, C.D. 2218 (1960); Chong Kee Jan Co., Inc., and Joseph A. Paredes & Co. v. United States, 48 Cust.Ct. 439, Abstract 66728 (1962).

■ Preliminarily, we note certain fundamentals applicable to the present case. Thus, the Court refers to the well-established presumption of correctness which attaches to the classification of the imported merchandise by the collector, and the corollary presumption that the collector found all the necessary facts to exist to support the classification.

■ Therefore, inherent in the collector's classification of the vinyl jackets under paragraph 1531, as modified, is that he presumably found the jackets most resemble those composed of leather in the use to which they are applied. Cf. Theo. L. Stern & Co., Inc. v. United States, 39 Cust.Ct. 404, Abstract 61155 (1957), Reh. den., 39 Cust.Ct. 455, Abstract 61256 (1957). Consequently, in order to prevail in this case, plaintiff had the burden of establishing either (1) that in use, these vinyl jackets more resemble jackets composed of rubber,

rather than of leather, as determined by the collector; or (2) that said vinyl jackets equally resemble in use those composed of leather and rubber, and that in material, they most resemble jackets of rubber.

The burden of proof stated in this latter alternative (2) was assumed by plaintiff.

Against this background, plaintiff contends that the vinyl jackets equally resemble in use those composed of many different materials, including rubber, cotton, and wool, and that the collector's classification, concededly based on similitude of use, is erroneous. According to plaintiff's argument, the proper basis for classification of the jackets is by similitude of materials, and it is urged that the vinyl jackets most resemble those in chief value of india rubber. On the other hand, defendant contends that similitude of materials should not be considered since plaintiff has failed to overcome the presumption of correctness that the vinyl jackets most resemble in use leather jackets worn by women.

■■■ On the basis of the evidence presented, we are clear that plaintiff has not negatived similitude of use to leather wearing apparel, as determined by the collector; and accordingly we do not reach the question of similitude of materials, as urged by plaintiff.

■ The circumstances under which similitude of materials becomes determinative under paragraph 1559(a), as amended, were set forth in Ignaz Strauss & Co., Inc., et al. v. United States, supra, at page 165:

The present similitude provision, paragraph 1559(a) of the Tariff Act of 1930, as amended, represents a modification of the previous similitude statutes by wholly eliminating quality and texture as elements affecting classification by similitude, and making material such an element only if the compared nonenumerated and enumerated articles equally resemble each other in the element of the use to which they may be applied. In other words, under the present statute, the *primary* element of resemblance for similitude purposes is use to which applied, and resemblance of material is to be resorted to only if there is an equal resemblance in the use to which the nonenumerated article and the enumerated articles may be applied. [Emphasis in original.]

At the trial, plaintiff adduced the testimony of two witnesses: Mr. Beddy G. Cury, its president and former sales representative; and Mr. Harold Zinaman, a chemist active in industrial chemistry for some twenty years, latterly specializing in rubber and plastics for twelve years.

Defendant offered no testimony, but stated that "the classification was by similitude in use", relying upon paragraph 1559.

In order to substantiate its contention that the vinyl jackets equally resemble in use those composed of leather and rubber, plaintiff introduced into evidence four illustrative exhibits, as follows:

Illustrative Exhibit 1—a light weight, black, slightly longer than waist length, double-breasted jacket composed of expanded vinyl and rayon backing. The vinyl portion of the jacket gives it the general appearance of a leather jacket. This jacket has two rows of large buttons, a prominent pocket on each side, and was admitted by Mr. Cury to be "rather stylish." He stated that this exhibit is similar to the imported jackets.

Illustrative Exhibit 2—a relatively heavy weight, white, mid-thigh length coat consisting of a vinyl outer layer and a quilted textile inner lining. This coat has a hood with a simulated fur trimming and is closed with a zipper. Unlike Exhibit 1, this has every appearance of being a cold weather or winter coat.

Illustrative Exhibit 3—a mid-thigh length, black, pullover type vulcanized rubber storm coat, with a zipper running

approximately half way down the front of the coat. This coat, unlike Exhibit 1, has a hood, and bears a label stating "WATERPROOF PROTECTIVE CLOTHING".

Illustrative Exhibit 4—an olive colored storm coat, similar to Illustrative Exhibit 3, except that it has a full length zipper and pockets with snap-type closers.

Relative to the use of the foregoing exhibits, Mr. Cury testified that Exhibit 1 is "wearing apparel" or a "jacket", used "for different purposes that a lady might want to use a jacket for"; and that Exhibits 2, 3, and 4 had the "same use" or "same purpose". According to Cury, Exhibits 1 through 4 are water repellent, and he "could" or "would" use them as rainwear, but concededly Exhibit 1 was not advertised as rainwear. Although it is clear from Mr. Cury's testimony that Exhibits 1 and 2 are ladies' jackets, it was not established whether Exhibits 3 and 4 are men's or women's wearing apparel. The samples appear to be men's storm coats.

From Mr. Cury's testimony and the visual and physical examination of the exhibits in evidence, we are unable to conclude that the vinyl jackets equally resemble in use those of leather and rubber.

 The court may take judicial notice of the fact that women wear different types of jackets, depending upon the occasion and purpose, viz: ski jackets or parkas, carcoats, storm jackets, and others. Plaintiff adduced no evidence of the specific purpose or use of the exhibits, apparently willing to leave that to the court's imagination and general knowledge. The mere fact that Illustrative Exhibits 1 through 4 are "wearing apparel" or "jackets" is, in our view, an insufficient basis for invoking similitude of materials, as urged by plaintiff. It has been repeatedly held that a mere showing of general usage of two comparable products does not establish a similitude of use. Zenith

Novelty Co. et al. v. United States, 49 Cust.Ct. 215, Abstract 67011 (1962); Wecolite Company v. United States, 38 Cust.Ct. 167, C.D. 1958 (1957); aff'd sub nom. United States v. Wecolite Co., 45 CCPA 54, C.A.D. 672 (1958); Atalanta Trading Corp. v. United States, 37 Cust.Ct. 149, C.D. 1815 (1956), aff'd 45 CCPA 12, C.A.D. 665 (1957); Vandergrift Forwarding Co. et al. v. United States, 37 Cust.Ct. 18, C.D. 1793 (1956), Reh. den. 37 Cust.Ct. 368, Abstract 60245; B. Shackman & Company et al. v. United States, 38 Cust.Ct. 30, C.D. 1839 (1957).

 In passing, we deem it appropriate to observe that plaintiff's claim under paragraph 1537(b) of the Act, as modified, cannot be sustained for yet another reason. Under that provision, plaintiff had the burden of establishing by competent evidence that the component material of chief value of the articles claimed to be similar to the imported vinyl jackets (Illustrative Exhibits 3 and 4) is india rubber. However, the inspection reveals that these exhibits consist of several different component materials; and plaintiff did not prove that they are in chief value of india rubber, as required by the statute. Indeed, there is no evidence in the record as to whether such exhibits contain india or synthetic rubber. Mr. Cury's testimony that Illustrative Exhibit 3 is a "vulcanized rubber jacket" (R.11) did not establish that such exhibit is composed of india rubber, nor that india rubber is the component material of chief value.

Mr. Zinaman compared some of the physical and chemical properties of leather, vinyl, and "rubber", but his testimony did not establish whether Illustrative Exhibits 3 and 4 contain natural or synthetic rubber, nor that those exhibits are in chief value of india rubber. This failure of proof also bars any finding of similitude to "Manufactures of india rubber" provided for in paragraph 1537(b), as modified, and heavily relied upon by plain-

tiff. Cf. Ross Products, Inc. v. United States, 43 Cust.Ct. 162, C.D. 2120 (1959).

For the reasons stated, the protest is overruled, and judgment will be entered for the defendant.

